UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Christopher Jaffier, | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 8:16-cv-01639-GJH |
| | ) |
| OCWEN Loan Servicing LLC; | ) |
| DOES 1-10, inclusive, | ) |
| | ) |
|        Defendant(s) | ) |

## AMENDED COMPLAINT

1.  Plaintiff seeks to recover monetary damages and hereby sues Defendants and alleges as follows:

### PRELIMINARY STATEMENT

2.  This is an action for damages brought by an individual plaintiff for Defendants' violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 et seq.; violations of the Maryland Consumer Debt Collections Act (hereinafter "MCDCA"), Md. Code Ann., Com. Law §14-202 et seq.; and for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

### JURISDICTION

3.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. § 1692k.

4. Venue is proper pursuant to 28 U.S.C. § 1391b.

5. This is an action for damages which exceed $75,000.00

6. Plaintiff is a natural person and is a resident of the State of Maryland.

7. Upon information and belief Defendant is a foreign corporation, authorized to do business in Maryland.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PARTIES

9. Plaintiff, CHRISTOPHER JAFFIER ("Plaintiff"), is a natural person over the age of eighteen (18) and resides in Charles County, Maryland.

10. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and MCDCA § 14-201(d).

11. Defendant, OCWEN Loan Servicing LLC, ("Ocwen"), is a Florida business entity with an address of 1661 Worthington Road # 100, West Palm Beach, FL 33409, operating as a collection agency.

12. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) and by MCDCA § 14-201(b).

13. Does 1-10 are individuals or entities employed by the Defendant and whose identities are currently unconfirmed or unknown to the Plaintiff. One or more of the individuals or entities may be joined as parties once their identities are disclosed through discovery.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. Defendant has failed to validate the debt or alleged debt they are attempting to collect.

18. Defendant has reported and continues to report false and misleading information to the credit reporting agencies Experian, Equifax and Transunion.

19. Plaintiff has no prior or present established relationship with Defendant.

20. Plaintiff has no contractual obligation to pay Defendant any money.

21. Plaintiff is not in receipt of any account level documentation that validates the debt or alleged debt.

22. Plaintiff is unable to determine how the amount allegedly owed was calculated by the defendant.

23. Conditions precedent was not met when Plaintiff did not receive the notice of acceleration from the lender as required by section 22 of his mortgage after defaulting on his mortgage.

24. Plaintiff has never given Defendant express permission to call Plaintiff's phone.

25. The communications in question here are all related to the collection of a consumer debt.

26. Plaintiff contends that the illegal actions of Defendant have harmed and continue to harm the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, sleepless nights, emotional distress, humiliation, a loss of reputation, and expenditures for fees and costs.

27. All conditions precedent to the bringing of this action have been performed, waived or excused.

## Background

28. On August 9, 2006, Plaintiff refinanced his home and obtained a mortgage loan from BankUnited, FSB ("lender").

29. On or around October 2006, Plaintiff received a notice from the lender indicating that servicing of the mortgage payments were transferred to GMAC Mortgage ("servicer").

30. On or around August 2007, Plaintiff fell behind on mortgage payments after being laid off from his job.

31. Thereafter, Plaintiff received the first of many written communications from

the servicer regarding late payments, including correspondence titled "Notice of Intent to Foreclosure".

32. The notices indicated that the servicer was a debt collector and stated in part:

**"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE"**

33. Plaintiff did not receive notice from the lender as required by section 22 of his mortgage, which states in part:

**"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify (a) the default; (b) the action required to cure the default: (c) a date, not less than 30 days from the date the notice is given to Borrower......."**

34. Plaintiff requested validation of the debt after sending debt validation letters and Qualified Written Requests ("QWR") to the servicer.

35. Plaintiff has not received anything from the servicer that relates to validation and accounting of the debt or alleged debt.

36. On or about February 2013, Plaintiff received a letter from Defendant stating that servicing for his mortgage loan was transferred from the servicer to Defendant.

37. The letter confirmed that Defendant was a debt collector where it stated in part,

**"This is an attempt to collect a debt, and any information obtained will be used for that purpose".**

38. Plaintiff sent a debt validation letter and a QWR to Defendant and in response received documents that were wholly deficient of anything related to validation and accounting of the debt or alleged debt.

39. Defendant commenced reporting, and is still reporting, false and misleading information to the credit reporting agencies Experian, Equifax and Transunion, resulting in credit denials and adversely affecting Plaintiff's credit scores.

40. Defendant started to call Plaintiff's phone repeatedly without prior permission or for emergency purposes attempting to collect the debt or alleged debt.

41. Where the Defendant left voicemail messages, they failed to identify themselves as debt collectors.

42. In an attempt to mitigate the issue, Plaintiff sent a Notice of Pending Lawsuit to the Defendant.

43. Despite Plaintiff sending the Notice of Pending Lawsuit, and despite plaintiff's request to Defendant to refrain from calling his phone, Defendant continued to call the Plaintiff's phone excessively every day, sometimes twice a day, placing more than two hundred (200) calls over the course of three (3) years.

44. The acts alleged herein all took place in Charles County, in that the offending calls were received there.

## COUNT I
## DEFENDANT'S VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 (FDCPA)

45. Plaintiff repeats and re-alleges each and every allegation above.

46. Defendant violated the FDCPA. Defendants' violations include, but are not limited to, the following:

47. (a) Defendant is attempting to collect a non-existent debt, and report false and

misleading information to the credit reporting agencies in violation of 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

48. (b) Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

49. (c) Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. (d) Defendant violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment for actual damages, statutory damages, punitive damages, fees and costs, reasonable attorney's fees and other relief as may be just pursuant to 15 U.S.C. §1692k.

**COUNT II**
**DEFENDANT'S VIOLATION OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii)**

51. Plaintiff repeats and re-alleges each and every allegation above.

52. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (iii) by using an automatic telephone dialing system to call Plaintiff's phone.

53. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a

telephone service contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment for actual damages, statutory damages, punitive damages, fees and costs, reasonable attorney's fees and other relief as may be just.

### COUNT III
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)

54. Plaintiff repeats and re-alleges each and every allegation above.

55. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

56. Defendant called the Plaintiff's phone, contrary to 47 U.S.C. §227(b)(2)(5).

### COUNT IV
### DEFENDANT'S VIOLATION OF MARYLAND CONSUMER DEBT COLLECTIONS ACT (MCDCA), 14-202

57. Plaintiff repeats and re-alleges each and every allegation above.

58. Defendant violated MCDCA, Md. Code Ann., Com. Law §14-202(8) by claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

59. Defendant's violations include but are not limited to, the following: (a) Violating MCDCA, Md. Code Ann., Com. Law §14-202(3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false and (8) by claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment for actual damages, statutory damages, punitive damages, fees and costs, reasonable attorney's fees and other relief as may be just pursuant to MCDCA, Md. Code Ann., Com. Law §14-203.

### COUNT V
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT

60. Plaintiff repeats and re-alleges each and every allegation above.

61. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

62. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

63. Defendant willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C

§1681n.

## COUNT VI
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT

64. Plaintiff repeats and re-alleges each and every allegation above.

65. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

66. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

67. Defendant negligently violated the FCRA and violations include, but are not limited to, the following:

> (a) Defendant negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment for actual damages, statutory damages, fees and costs, reasonable attorney's fees and other relief as may be just pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 17, 2016

Respectfully Submitted _____

Christopher Jaffer
2205 Dryden Ct,
Waldorf, MD 20601

(301) 221-6545
cjaffier@hotmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 17th day of June 16, 2016 by U.S. Mail delivery to:

David F. Standa
LOCKE LORD LLP
111 South Wacker Drive
Chicago, ILLINOIS 60606
dsargent@lockelord.com

Gregory G. Bennett
LOCKE LORD LLP
701 8th Street, NW, Suite 700
Washington, DC 20001
Gregory.bennett@lockelord.com

_____

Christopher Jaffer
2205 Dryden Ct,
Waldorf, MD 20601
(301) 221-6545